JOHN BARRINGER V. THE STATE.

Where a judgment *nisi* and the *scire facias* thereon recited a greater sum than the bail bond on which they were founded, the judgment *nisi* should, on motion, have been set aside and the *scire facias* quashed.

A bail bond which does not conform to the order of the committing magistrate is quashable.

The committing magistrate directed bail to be taken in the penalty of five hundred dollars, and the sheriff exacted from the principal and his surety a bond which was not jointly and severally in the penalty of five hundred dollars, but was from each of them severally for the sum of five hundred dollars: *Held*, that the bond was more onerous than the sheriff was authorized to require, and, in consequence, was void.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

The appellant was surety on the bail bond of John Kesler, who, on the 7th of June, 1858, was, by a justice of the peace of Victoria county, "held to bail in the sum of five hundred dollars, with good security, to appear at the next District Court to answer" a charge "of having committed an assault and battery with a deadly weapon upon Joseph Arnst, on 5th day of June, 1858, with intent to kill."

The penal clause of the bond taken by the sheriff was as follows: "Know all men by these presents that we, John Kesler as principal and John Barringer security, are held and firmly bound unto the State of Texas in the sum of one thousand dollars, payment well and truly to be made, we bind ourselves, our heirs, administrators, executors, &c. That is to say, John Kesler in the sum of five hundred dollars, and John Barringer in the sum of five hundred, as witness," &c.

At the August Term, 1859, of the District Court, a forfeiture and judgment *nisi* for the sum of one thousand dollars were taken against Kesler and the appellant, upon which *scire facias* issued, returnable to the next term.

At the February Term, 1859, the appellant appeared and moved to quash the bond and *scire facias* for the reasons indicated in the

opinion of the court, and for other causes. The court below overruled the motion, and, a jury being waived, rendered judgment against the appellant for five hundred dollars.

*Glass & Phillips, Jr.*, for the appellant.

*Attorney General*, for the appellee.

MOORE, J.—The *scire facias* in this case should have been quashed, and the judgment *nisi* set aside, because they essentially vary from the terms of the bond upon which they are founded. The appellant is, by the bond, only bound in the penal sum of five hundred dollars, yet the judgment *nisi* against him is for the sum of one thousand dollars. The *scire facias* and judgment *nisi* recite a bond with altogether different conditions from that executed by the appellant.

The motion to quash the bond should, also, have been sustained. It does not conform to the order of the committing court. The sheriff had no authority to demand of Kesler a bond, except by the order of the justice of the peace by whom the charge against him had been judicially examined. By this he and his surety were only required to enter into a bond in the penalty of five hundred dollars, for his appearance at the ensuing term of the District Court of Victoria county, to answer any indictment that might be found upon the charge preferred against him. The bond exacted by the sheriff from the principal and his surety, was not jointly and severally in the penalty of five hundred dollars; but from each of them severally for the amount of five hundred dollars, thus making the bond for double the penalty fixed by the justice of the peace. The bond taken was, therefore, different from that which the sheriff was authorized to demand. It is more onerous in its terms than he could legally have required, therefore void.

The judgment is reversed, and, it appearing that the bond upon which it was rendered is illegal, and not such as was authorized by the order of the justice of the peace under whose authority it was taken, it is ordered to be quashed.

Reversed and rendered.