## J. W. Neblett et al. *v*. The State.

Bail-Bond. — An officer is authorized to require bail in such an amount only as is directed by the examining court. Unless the bond conforms to the order of the court in this respect, it is void.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. J. R. Fleming.

The opinion states the case.

*McCall & McCall*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State. The case of *Barringer* v. *The State*, 27 Texas, 553, referred to by appellant to sustain his motion to quash, is different from this one. The records of the justices' and other inferior courts can only be introduced as evidence in the District Courts under the rules regulating such courts. In that case it does not appear that any objection was made to the introduction of the record from the justice's court, and when the variance was made to appear between the sum fixed by the justice of the peace, and the bond, the court said that the bond should have been quashed. In this case, the bond was taken and approved by the sheriff in $1,000; the principal and his sureties voluntarily signed the same, without compulsion or objection. The principal failed to appear, and judgment *nisi* was taken, in May, 1877.

In defence against making this judgment final, defendants offered to introduce in evidence the order made by the justice of the peace fixing the sum of bail. It will be noticed in the statement of facts that nothing had been previously shown towards laying the basis by which the records from the justice's court could be introduced in evidence in the District Court, and on this ground there was no error in excluding the evidence offered.

But, conceding this to be untenable, then the question

arises, Can the judgment of a court be attacked in such a way and for such a purpose? It is thought not; and the court below committed no error in overruling the motion to quash, and in rendering judgment final. Pasc. Dig., arts. 2884, 2888; *Barton* v. *The State*, 24 Texas, 251; *McCoy et al.* v. *The State*, 37 Texas, 219.

Under the rules laid down in the authorities cited, the defendants below are and were deprived of all defences not included in said authorities. Wherefore it is useless to follow appellants' argument, and the authorities cited in support thereof, when it plainly appears that, if all the facts stated were true, and the authorities cited were applicable thereto, from the manner in which the pleading of appellants was conducted below, this court will not reverse the action of the lower court; and here the case could with confidence be rested.

But the attention of the court is called to the bond as in every way a strict compliance with art. 2732, Paschal's Digest. The offence in the bond is the one described in the complaint. The law of this State fixes the time and place when and where the District Court of Palo Pinto County shall be held; and the obligation to appear at the May term, 1877, thereof, as the law says the day of the month and the place where the court shall be held, we submit is, in fact, a true compliance with subdivision 5 of art. 2732, 6391, and 6392 of Paschal's Digest.

Whether the examining court was held by an officer authorized by law, or not, makes no difference in this case. But the county judge is, in law, a magistrate, and all magistrates can hold examining courts. Pasc. Dig., arts. 2498, 2519, 2701; *Bigby* v. *City of Tyler*, 44 Texas, 352.

The sheriff took the bond, and all presumptions are in its favor. Under the rules laid down above, the appellants, if there was error, did not by their pleadings place themselves in a position to avail themselves of any errors not pointed out by the aforesaid authorities.

WHITE, J.  In its principal feature, and the only one which we deem it necessary to notice, this case is very similar to the case of *Barringer* v. *The State*, 27 Texas, 553. A motion was made by the sureties upon the forfeited bond to set aside the judgment *nisi*, and to quash the bond. These motions were overruled by the court.

In support of these motions, defendants also offered certain evidence, which, on objection of the district attorney, was excluded; all of which is shown by a bill of exceptions duly saved and incorporated in the record   The proposed evidence was, in substance, that the principal in the bond had been arrested and brought before an examining court upon a charge of assault with intent to murder.   The result of the examination was that he was admitted to bail, and the amount of his bail-bond was fixed by the examining court in the sum of $500.   In pursuance of the order admitting to bail, a bond was taken and approved by the sheriff; but the penalty, instead of being in the sum of $500, was placed by him at the sum of $1,000.

It was said by Moore, J., in *Barringer* v. *The State*, *supra:* "It does not conform to the order of the committing court.   The sheriff had no authority to demand of Kesler a bond, except by the order of the justice of the peace by whom the charge against him had been judicially examined. *  *  *  .The bond was, therefore, different from that which the sheriff was authorized to demand.   It is more onerous in its terms than he could legally have required; therefore void."

Because it is made to appear by the bill of .exceptions that the bond upon which the judgment was rendered is illegal, and not such as was authorized by the order of the examining court under whose authority it was taken, the judgment is reversed and the bond quashed.

*Reversed and rendered.*