## J. F. PATILLO *et al.* *v.* THE STATE.

1. BAIL-BOND. —A peace-officer having a warrant for the arrest or commitment of a person under indictment for a bailable felony is authorized, in vacation of the court, to admit him to bail and to fix the amount of the bail-bond, if not previously fixed by competent authority.

2. SAME. — SURRENDER OF THE PRINCIPAL BY HIS SURETIES relegates him
    to the custody of the sheriff under the original *capias*, and no subsequent
    *capias* is essential to the legal detention of the prisoner.

3. SAME. — In taking subsequent bail-bonds, the officer is governed by the same
    rules which governed him in the first instance, and is in no manner bound
    by the amount of a previous bond taken on his own authority. *Neblett*
    v. *The State,* 6 Ct. App. 316, and *Barringer* v. *The State,* 27 Texas, 553,
    contrasted and approved.

APPEAL from the District Court of Parker. Tried below
before the Hon. A. J. HOOD.

The indictment referred to in the opinion was for cattle-
theft.

*McCall & McCall,* for the appellants.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J.   One L. S. Hornby, having been indicted
in the District Court of Parker County, was arrested by
virtue of a *capias,* and entered into a bail-bond for his ap-
pearance, in the sum of $750.   It does not appear that the
amount of this bond had previously been fixed by the court,
but from the evidence it would seem that, the court having
failed to fix the amount for which bail should be given, the
sheriff executing the *capias,* of his own motion placed the
sum at $750.   Some time subsequent to the execution of this
first bond, the sureties upon the same surrendered their
principal into the custody of the sheriff, and he took a sec-
ond bail-bond, with other sureties, in the sum of $500.
The sureties in this second bond also surrendered their prin-
cipal into the hands of the sheriff, and a third bail-bond was
taken, in the sum of $500.   Judgment *nisi* was rendered
upon this last bond, and upon the final trial, upon *scire facias*
issued to the sureties, they pleaded that the bond was a nul-
lity, because at the time of its execution the sheriff had no
*capias* in his hands for the arrest of Hornby, and further,

that, the first or original bond having been fixed in amount at the sum of $750, the sheriff had no right to receive any subsequent bond for a less amount than that sum. Judgment final was rendered against them, and they appeal the case, insisting upon a reversal of the judgment solely upon the two grounds mentioned.

Our statutes provide that a bail-bond may be taken from the defendant by a peace-officer who has a warrant for his arrest or commitment (Code Cr. Proc., art. 285), and the amount of bail to be required in any case may be regulated by the court, judge, magistrate, or officer taking the bail, under certain prescribed rules. Id., art. 296.

With regard to the surrender of a principal by his sureties, it is provided by statute that " those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted." Code Cr. Proc., art. 297. " If the surrender be made while the court is not in session, the sheriff may take, himself, the necessary bail-bond." Id., art. 299.

The surrender by the sureties places the principal back in the custody of the sheriff, and he holds him by virtue of the original *capias* under which he arrested him in the first instance, the condition of the prisoner being precisely the same as though he had never been bailed. There would be no occasion for the issuance of a new *capias*, nor does the law require it. The sheriff is bound to hold him at his hazard, and as much bound as he would be by a dozen new *capiases*. He holds him then until he gives " the necessary bail-bond." The old bond has to all intents and for all purposes become *functus officio*, and the officer is only limited in taking a new bond by the rules which governed him in the first instance, the amount of the old bond being in no manner binding upon him. If it were, we cannot imagine how the principal or his sureties can be heard to complain when,

as in this case, the new bond is for a less sum, and consequently less onerous upon them.

The case here exhibited in the record is entirely different from the cases of *Neblett* v. *The State*, 6 Texas Ct. App. 316, and *Barringer* v. *The State*, 27 Texas, 553, cited by counsel. In both those cases the amount of the bail-bond had been fixed by the court, and the officer required and took a bond greater in amount, and it was properly held that the bond was different from that which the sheriff was authorized to demand ; that it was more onerous in its terms than he could legally have required, and therefore void.

No error is perceived in the proceedings or judgment of the lower court, and the judgment is affirmed.

*Affirmed.*