## H. B. CARR *et al.* v. THE STATE.

1. INTERPRETATION OF THE CODES.—As defined by our Code, the terms "steal" and "stolen" are synonymous in signification with "theft."

2. BAIL-BOND.—Though a judgment that the State recover the amount of the bond from the principal, and also the like amount from the sureties, be deemed erroneous, as a judgment for double the amount of the bond, the error is not such as requires that the case be remanded, but only that the judgment be reformed.

ERROR from the District Court of Atascosa. Tried below before the Hon. G. H. NOONAN.

The opinion discloses the case.

*D. P. Marr,* for plaintiffs in error, filed an able brief.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. The bail-bond recited that the principal obligor was held " on a charge of fraudulently taking and

stealing one red cow and calf, the property of Bennett Musgrave." A most interesting and ingenious argument is made by the counsel of plaintiffs in error to show that this recital does not name or describe by proper words or terms any offence known to the law. It is said that the word "stealing" is not identical in signification with "theft," and is consequently insufficient. But we find in our Code that it is expressly provided that the words "steal" or "stolen," when used in this Code in reference to the acquisition of property, include property acquired by "theft." Penal Code, art. 739. And again, under the chapter with regard to theft of animals, "If any person shall *steal any cattle*, he shall be punished," etc. Penal Code, art. 747. So, it would seem that with regard to theft of cattle, in particular, the Code makes the words *steal* and *stolen* synonymous in signification with *theft*.

In our estimate of the condition of the record, we find but one error committed, and that in the judgment as rendered. The penalty in the bond was for the sum of $250 ; judgment *nisi* was against all the obligors for $250. Judgment final, however, was, " that the State of Texas do have and recover of and from said principal the said sum of two hundred and fifty dollars, and of and from his said sureties the said sum of two hundred and fifty dollars, together with all costs of suit ; for which execution may issue." This, it is contended, and perhaps rightly, gives the State the power to demand and receive $500 on a bond for only $250. The error, however, will not necessitate the remanding of the case for a new trial ; but this court, exercising its authority to reform and correct judgments (Code Cr. Proc., art. 869), will reform the judgment of the court below, and render judgment against the obligors in the bond for the sum of $250 and costs. *Barringer* v. *The State*, 27 Texas, 553.

*Ordered accordingly*.