RUFUS K. ROBERTS, *et al.*, v. THE STATE OF KANSAS.

BAIL; *Bond in Excess, Void.* Where the district court directs bail to be taken in the penalty of $1,200, and the sheriff requires and accepts from the principal and his sureties a bond in the sum of $1,250, the bond is utterly void, as the sheriff is only authorized to require bail in such an amount as is directed by the court. The provisions of § 154 of the criminal code do not apply to such a case.

*Error from Marion District Court.*

ACTION upon a forfeited recognizance. At the June Term, 1884, *The State* had judgment for $1,413.50 and costs against the sureties, *Roberts*, and four others. They bring the case here. The material facts are stated in the opinion.

*Kellogg & Sedgwick,* for plaintiffs in error.

*T. A. Bogle,* county attorney, and *Frank Doster*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J. : Action brought March 10, 1882, upon an alleged forfeited recognizance executed to discharge C. F. Roberts from custody, charged with having committed robbery in Marion county. A copy of the recognizance was attached to the petition, and it was averred therein that the amount of the recognizance was $1,250. On February 23, 1884, when the action was being tried, it was disclosed that the order of the court fixed the recognizance at $1,200. Thereupon the petition was amended, and the recognizance set out, and averred to be $1,200 only. The action was then continued. Upon the final trial of the case, the defendants below introduced evidence tending to show that the recognizance required of C. F. Roberts by the sheriff and executed by the defendants was for the sum of $1,250, and that this was the only recognizance ever signed in the case. The defendants also requested the court to instruct the jury in substance as follows:

"That as the recognizance in the criminal action against C. F. Roberts was fixed by the district court of Marion county at $1,200, the sheriff had no authority to require of said Roberts a recognizance for any larger sum than ordered by the court; that if they believed from the evidence the recognizance sued on was required of the defendants below and executed by them for the sum of $1,250, the recognizance would be void, and they must find for the defendants."

This instruction was refused, and the court charged the jury "that it was immaterial whether the recognizance given by the defendants was for the sum of $1,250, or $1,200." The charge of the court was erroneous, and prejudicial to the rights of the parties excepting. In *United States v. Goldstein Sureties*, 1 Dill. 413, it appeared that a United States commissioner, on proper complaint and proceedings before him, required a person charged with receiving stolen property of the United States, knowing it to be stolen, to give bail in the sum of $500 to appear at the next term; and the commissioner at the same time, on another charge of like nature, required the same person to give bail in the sum of $200 to appear at the next term,

etc. ; and one bond for $700 was taken.   The proper cognizor having failed to appear, the bond was declared forfeited.   Miller and Dillon, J. J., decided that the bond taken was a substantial departure from the bonds required by the commissioner, and was not therefore obligatory on the sureties. (See also *Waugh v. People*, 17 Ill. 563; *Barringer v. State*, 27 Tex. 553; *Neblett v. State*, 6 Tex. Ct. App. 316; *State v. Buffum*, 22 N. H. 267.)

Counsel for the state concede the above authorities correctly state the general rule applicable to recognizances, but attempt to evade the force of these decisions by referring to § 154 of the criminal code.   They say that the provisions of this section have made radical and sweeping changes in the common-law doctrine of recognizances, both as to their form and the liability of parties thereto.   This section is as follows :

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained, from the recognizance, that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

We think, however, that the statute does not apply to such a case as the present.   The recognizance is not defective on account of form, omission of recital, condition of undertaking, or for the neglect of any clerk or magistrate, or for any other irregularity.   It is more than defective or irregular : *it is utterly void.*   The recognizance is a substantial departure from the bond required by the district cour t "Bonds, to secure the appearance of a person charged with crime, must be taken and executed in pursuance of the order of the proper court or officer." ( *United States v. Goldstein Sureties*, supra.)

Excessive bail bond, void.

In Indiana the statute provides that—

"No recognizance, undertaking or bond taken in any criminal proceeding shall be void for want of form or of substance, or for omission of any recital or condition, or because the same was entered into on Sunday: nor shall the principal or surety be discharged, but the principal and surety shall be bound by such recognizance, undertaking, or bond, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in such recognizance, undertaking, or bond. And no action upon such recognizance, undertaking or bond shall be defeated for any want of form or substance, or for the omission of any recital or condition, or because the same was entered into on Sunday, or for the neglect of the clerk to indorse or record it, but the recognizors shall be bound thereby, to the full extent specified therein. A recognizance may be recorded after execution has been awarded."

The supreme court of that state, in *State v. Winniger*, 81 Ind. 51, in referring to this statute, says that "a recognizance taken by a court without jurisdiction, or by an officer without authority, is void." The sheriff was bound to pursue his authority strictly, and when he departed from it and required bail in excess of the order of the district court, he acted without authority, and the recognizance was as void as if he had no authority whatever to require bail. (*Waugh v. People*, supra.) None of the decisions of this court, construing § 154 of the criminal code, are in conflict with this conclusion. The other questions presented in the briefs need not be noticed.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.