| | |
|---|---|
| 20 | 271 |
| 28 | 70 |
| 29 | 216 |
| 20 | 271 |
| 32 | 214 |
| 20 | 271 |
| 33 | 350 |
| 20 | 271 |
| 37 | 20 |

[No. 1841.]

JAMES H. HOLT *et als. v.* THE STATE.

1. SCIRE FACIAS cases, until that period in the proceedings when the judgment *nisi* is reached, are considered and treated as criminal. From the issuance of the writ on the judgment *nisi* all proceedings are governed in practice by the rules which obtain in civil cases.

2. PRACTICE.— PLEA OF NON EST FACTUM in civil cases, to be valid, must be made under oath. The plea in this case, not being verified by affidavit, is a nullity, and cannot be entertained.

3. SAME.— STATEMENT OF FACTS, though agreed to by counsel and approved by the trial judge, will not be considered on appeal if the same does not appear to have been filed as a part of the record in the case, either in term time, or within ten days after adjournment of court, under a proper order of court entered in term time, allowing such ten days.

Opinion of the court.

4. SCIRE FACIAS — BAIL BOND.— One of the requisites to a writ of *scire facias* is that it shall state the date of the recognizance or bail bond. A requisite of a bail bond is that it be signed by the principal and sureties. The execution of the bond dates from the signature, and not from the time of its approval by the sheriff. Especially is this the rule since the validity of the bond is not made to depend upon its approval by the officer.
5. SAME — EVIDENCE.— GENERAL DENIAL pleaded to the writ of *scire facias* puts in issue all the material issuable allegations of the *scire facias*, and, therefore imposes upon the State the burden of proof. The *scire facias* in this case alleged the date of the bond to be April 20, 1883. Under this allegation the State should have been confined, in its evidence, to proof of a bond issued on that day, and in admitting in evidence, over objection, a bond dated on the 17th day of April, 1883, the trial court erred.

ERROR from the District Court of Lavaca. Tried below before the Hon. E. Lewis.

The writ of error in this case was prosecuted from a judgment final forfeiting the appearance bond of C. Middleton, bailed under a charge of theft. The amount of the bond and judgment was $400.

*Garrett, Searcy & Bryan,* for plaintiffs in error.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. C. Middleton was indicted in the district court of Lavaca county for theft, and on the 17th day of April, 1883, executed a bail bond to the State of Texas, in the sum of $400, with F. Middleton, A. H. Rigsby and James H. Holt as sureties on said bond. On 21st day of August, 1883, the said Middleton forfeited his said bond, and judgment *nisi* was rendered against C. Middleton, F. Middleton, A. H. Rigsby and James H. Holt upon a bond alleged to have been executed April 20, 1883. On the 14th day of November, 1883, a *scire facias* issued to the said parties to appear at the court-house in Lavaca county on the first Monday in February, 1884, and show cause why said judgment *nisi* should not be made final on a bond alleged in the *scire facias* to have been executed by the said parties on 20th day of April, 1883. F. Middleton not being served, and the service on A. H. Rigsby being defective, the case was dismissed as to them. The plaintiff in error, Holt, appeared by attorney and moved to quash the *scire facias* served on him, because it alleged that the bond forfeited was executed on the 20th day of April, 1883, while the bond that he signed and the one on file among the papers of the case was executed on the 17th day of April, 1883, and not on the 20th day of April as alleged in the

*scire facias.* And answering, defendant pleaded *non est factum* and a denial. The court overruled the motion to quash the *scire facias*, and after hearing the evidence rendered judgment in favor of the State and against C. Middleton and James H. Holt for $400. From this judgment plaintiffs in error prosecute this writ of error.

*Scire facias* cases are considered criminal cases and treated as such until that stage of the proceedings is reached when the judgment *nisi* is rendered. From that stage, and the issuance of the writ thereon, all proceedings are governed in practice by the same rules as obtain in civil cases. (Code Crim. Proc., arts. 444, 445, 450, 891, 892, 893; Rev. Stats., arts. 1500–1508; *Hart* v. *The State*, 13 Texas Ct. App., 555; *Perry* v. *The State*, 14 Texas Ct. App., 166.)

As to defendants' motion to quash the *scire facias*, this motion was in the nature of a demurrer to the writ, which is not only a citation but a petition in such proceedings. The instrument declared upon, or claimed to have been forfeited, as stated in the writ was a bond executed the 20th of April; no other date connected with the execution of the bond was stated in the writ. But one date being mentioned, the writ upon its face was not demurrable, and the motion to quash, based upon a supposed variance in the allegation and proofs as the latter were afterwards to be made, may not have been improperly overruled, though it is unnecessary to decide the question. As to the plea of *non est factum*, such a plea in civil cases, to be valid, is required to be under oath (Rev. Stats., art. 1265), and the plea in this instance, not being verified by affidavit, was a nullity and not entitled to consideration by the court.

There is a paper in the record purporting to be a statement of facts, and, whilst it is agreed to by counsel and indorsed approved by the judge presiding, it does not appear ever to have been filed as part of the record in the case. To be entitled to any consideration whatever on appeal the statement of facts must, in the terms of the law, "be filed with the clerk during the term," or "at any time not exceeding ten days after adjournment of the term," where an order to that effect by the court has been made during the term. There being no statement of facts which we can consider, the assistant attorney-general contends that there is no error complained of which appears with sufficient certainty upon the record as that we can act intelligently upon it.

Appellants' second bill of exceptions states that "the district attorney offered in evidence a bond executed on the 17th day of April, 1883, and approved by the sheriff of Lavaca county April the 20th, 1883; to which testimony defendants excepted because the *scire*

*facias* served on them sets out the fact that the bond forfeited was executed on the 20th day of April, 1883, when in fact it appears from the face of the bond, which was offered in evidence, that it was executed on the 17th day of April, 1883; which objection the court overruled," etc.

We are of opinion that this bill of exceptions sufficiently presents the question, which is as to a variance between the allegations and proof with regard to the bond forfeited. As before shown, the bond was executed by the parties on the 17th of April and approved by the sheriff on the 20th. The question is, which was the date of the execution of the bond, the date of the signature by the obligors or the date of the approval by the sheriff?

One of the requisites to a writ of *scire facias* is that "it shall state the date of such recognizance or bail bond." (Code Crim. Proc., art. 443, subdiv. 4.) One of the requisites of a bail bond is that it be signed by the principal and sureties. (Code Crim. Proc., art. 288.) We are clearly of opinion that it is their signature which constitutes the execution of the bond, and that the date of such signature is properly the date of such bond. An approval by the sheriff is not absolutely necessary to the validity of the bond; it would be valid and binding without his approval. (*Taylor* v. *The State*, 16 Texas Ct. App., 514; *Jones* v. *Stern* and *Martin* v. *Wells*, decided at the present term.)

In addition to the motion to quash and plea of *non est factum* defendants had pleaded a general denial also, and this put in issue all the material issuable allegations in the writ of *scire facias*,— it subserving the purposes of a petition. The burden, therefore, of proving the allegations rested upon the State. (*Goodwin* v. *The State*, 14 Texas Ct. App., 444; *Short et al.* v. *The State*, 16 Texas Ct. App., 44.) One essential allegation was the date of the bond. Having alleged its execution to be of date the 20th, she was limited and restricted to proof of a bond "dated" on that day, and to permit evidence of a bond executed and dated upon another and different day was error. The variance between the bond offered in evidence and that as set forth in the *scire facias* was a fatal variance. (*Hedrick* v. *The State*, 3 Texas Ct. App., 571; *Smith* v. *The State*, 7 Texas Ct. App., 160; *Arrington* v. *The State*, 13 Texas Ct. App., 554; *State* v. *Cox*, 25 Texas, 405; *Barringer* v. *The State*, 27 Texas, 553.)

Because the court erred in admitting the evidence, as shown by the bill of exceptions, over objection of defendants, the judgment must be reversed, and if we had had a statement of facts which we

could have considered, showing that the judgment was based alone on this evidence, we would have held the variance between the allegation and proofs a fatal one as insisted by appellants' counsel in the brief.

*Reversed and remanded.*

[Opinion delivered February 6, 1886.]