[No. 2113.]

## JOE WRIGHT ET AL. *v.* THE STATE.

SCIRE FACIAS—A RECOGNIZANCE, as defined by Article 283 of the Code of Criminal Procedure, is an undertaking entered into before a court of record in session, by the defendant to a criminal action and his sureties, by which they bind themselves respectively in a sum fixed by the court that the defendant will appear for trial before such court upon the accusation preferred against him. Under this definition a recognizance which recites the principal's obligation to the State in a fixed sum, but

does not bind him to appear before the court at a fixed time, and which binds only the surety for the appearance, is *per se* invalid, and is illegal in that it is more onerous than the law requires. See the opinion *in extenso* for such a recognizance.

APPEAL from the District Court of De Witt. Tried below before the Hon. H. C. Pleasants.

The appeal in this case was prosecuted from a judgment final forfeiting the recognizance of Joe Wright, bailed upon a charge of horse theft. The amount of the recognizance and judgment was $500.

*Fly, Davidson & Davidson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a judgment final upon a forfeited recognizance. The recognizance is in these words, viz (after stating style of cause, etc.:) "In this cause this day came the defendant, Joe Wright, in his own proper person, into court, and acknowledged himself to owe and be indebted to the State of Texas in the full and penal sum of five hundred dollars; and at the same time also came into open court, J. L. Hume, in his own proper person, surety for him, the said Joe Wright, and acknowledged himself to owe and be indebted to the State of Texas in the full and penal sum of five hundred dollars, to be levied of his goods and chattels, lands and tenements; to be void, however, upon condition that the said Joe Wright do well and truly make his personal appearance before the district court of De Witt county, to be begun and holden at the court house thereof in the city of Cuero, on the thirteenth Monday after the first Monday in September, 1884, and now in session, and there remain from day to day and from term to term, and not depart therefrom without leave of the court; then and there to answer an indictment filed in said court on the third day of December, 1884, charging him, the said Joe Wright, with the theft of a horse."

In answer to the scire facias served upon him after forfeiture and judgment nisi, the surety, Hume, filed several special exceptions, all the grounds of which are fully and sufficiently disclosed in the fourth exception, which is as follows, viz: "That said recognizance, as set out in said scire facias, while binding

Joe Wright to pay the State of Texas the sum of five hundred dollars, does not bind him, the said defendant or principal, Wright, to appear in this court, or to do any thing else; but it does bind this defendant to produce said Wright in court or pay the sum of five hundred dollars, which this defendant says is not a sufficient recognizance to support the judgment nisi based thereon, and that the scire facias setting out and pleading the said judgment nisi and recognizance is insufficient to maintain this action against defendant."

It is moreover contended that said recognizance is invalid because, in so far as the surety is concerned, it was more onerous than the law requires, in that it bound the surety for the appearance of his principal, whilst there was no obligation upon the principal himself that he should appear in court.

"A recognizance is an undertaking entered into before a court of record, in session, by the defendant to a criminal action and his sureties, by which they bind themselves respectively in a sum fixed by the court that the defendant will appear for trial before such court upon the accusation preferred against him." (Code Crim. Proc., Art. 283.)

It is manifest that the statute intends *that the defendant shall obligate himself that he will appear* in court to answer the accusation against him. The purpose of the recognizance is to secure the appearance of the defendant at the time for trial. (Carroll v. The State, 6 Texas Ct. App., 463; see No. 590, Willson's Crim. Forms; Code Crim. Proc., Art. 287.) It is a conditional obligation, the conditions being dependent upon his appearance or non-appearance at the time and place specified. As set out in the recognizance above it will be noticed that, in so far as Wright, the principal, is concerned, the undertaking is without condition of any kind, and is an unqualified acknowledgment of indebtness to the State of five hundred dollars. His obligation, though entered into in court, is not a recognizance at all in statutory contemplation or in effect any more than if it had been executed out of court. (Jones v. The State, 1 Texas Ct. App., 485.) We are of opinion that appellant's exceptions to the sufficiency and validity of the undertaking of Wright as a statutory recognizance were well taken and should have been sustained.

Appellant's second position is also well taken, because it is clear that if the statute only requires a surety to obligate himself in case the principal is obligated in the same manner and to

the same extent, and the principal is not so obligated, the surety is not bound, and where the statute requires each to be jointly and severally obligated for the appearance of the principal, and the principal is not so obligated but the surety is, the obligation of the surety is more onerous than the law requires, and is therefore a nullity. (Barringer v. The State, 27 Texas, 553.)

The judgment of the lower court is reversed, and because the recognizance is wholly insufficient and invalid in law, the prosecution is dismissed.

*Reversed and dismissed.*