37   437
38   489

## THE STATE OF KANSAS v. C. F. ROBERTS, et al.

RECOGNIZANCE; *Action; Instruction; No. Error.* In an action upon a recognizance where the issue was whether the recognizance was for $1,200 or $1,250, and if the recognizance was for $1,200 it was valid, but for $1,250 it was void, and the recognizance was introduced in evidence, which shows upon its face that it had originally been drawn for $1,250, and it was uncertain from the face of the instrument whether the words "& fifty" were so erased as to make it a $1,200 recognizance or not, but probably not, it was a question for the jury to determine upon the instrument and the other evidence whether

such words were erased or not, and if erased, when; and it was not error as against the plaintiff, the state of Kansas, for the court to instruct the jury as follows: "In this case the burden is upon the plaintiff to satisfactorily explain the alteration in the recognizance sued on in this action as to the amount of the penalty therein named."

### Error from Marion District Court.

ACTION by *The State of Kansas* against *C. F. Roberts* as principal, and *L. W. Hutchinson* and others as sureties, upon a forfeited recognizance. On December 29, 1885, judgment was rendered for the defendants. *The State* brings the case to this court. The material facts appear in the opinion.

*Keller & Dean*, for plaintiff in error.

*Kellogg & Sedgwick*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Marion county by the State of Kansas against C. F. Roberts as principal, and L. W. Hutchinson and others as sureties, upon a forfeited recognizance. The only disputed questions of fact at the trial were: First, was the amount of the recognizance $1,250, or was it only $1,200? Second, if it was only $1,200, when was it changed from a greater amount to that amount—before or after the recognizance was executed? If the amount was $1,250 at the time the recognizance was executed, then the recognizance was void according to a decision heretofore made with reference thereto by this court, (*Roberts v. The State*, 34 Kas. 151;) for the district court had, previously to the execution of the recognizance, fixed the amount thereof at only $1,200. If the amount of the recognizance, however, was only $1,200 at the time the recognizance was executed, then the recognizance was valid.

The case was tried before the court and a jury, and the jury rendered a general verdict and made special findings as follows:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths find for the defendants."

"1. Who wrote the bond in the suit? A. Judge Peters.

"2. In what sum was the penalty of the bond as first written? A. Twelve hundred and fifty dollars.

"3. Who changed such sum so first written? A. Don't know.

"4. When was such change made—before or after it was signed by defendants? A. After.

"5. In what way was such sum in the bond changed? State the words changed, and how the changes were made. A. The words 'and fifty' partially erased.

"6. Was the erasure of the words 'and fifty' in the bond sufficiently plain and marked to attract the attention of a person of ordinarily good eyesight and ordinary perceptive faculties, and to indicate to such person that the words 'and fifty' were intended to be erased? A. No."

The principal errors assigned are with reference to the instructions given by the court to the jury, but as to the most of them it is wholly immaterial whether they are correct or not. The jury found upon the evidence that the change in the recognizance was made after it was signed by the defendants; hence all instructions given by the court to the jury upon the theory that the change might have been made prior to the signing of the recognizance are wholly immaterial. As the recognizance when signed was for $1,250, it was and is void, whether it was ever afterward changed or not, and without reference to who changed it, or whether the change was made by the plaintiff or by any of its agents, or entirely by a stranger to the recognizance. (*Roberts v. The State,* 34 Kas. 151.)

There is one instruction, however, that requires some special comment. That instruction reads as follows:

"In this case the burden is upon the plaintiff to satisfactorily explain the alteration in the recognizance sued on in this action, as to the amount of the penalty therein named."

As an abstract proposition of law, this instruction may be erroneous, (*Neil v. Case,* 25 Kas. 510;) but under the facts of this case we cannot say that it is. The plaintiff alleged in its petition that the recognizance was a twelve-hundred-dollar recognizance, and the defendants in their answer, which was

verified by affidavit, denied the same; hence it devolved upon the plaintiff to prove that the recognizance in suit was a $1,200 recognizance. The plaintiff introduced the recognizance in evidence. In all probability the recognizance did not show that it was a $1,200 recognizance, but on the contrary came nearer showing that it was a $1,250 recognizance. The county attorney, when he commenced this action, believed it to be a $1,250 recognizance, and alleged it to be such; and the county attorney who commenced this action was the same person who was the county attorney when the recognizance was drawn up and executed. Afterward, and during the first trial of this case, it was disclosed that the court had authorized only a $1,200 recognizance; hence the plaintiff so amended its petition as to make it allege that the recognizance was for only $1,200, instead of for $1,250, as the original petition alleged. Now as the recognizance itself did not show that it was a $1,200 recognizance, but showed that it was formerly drawn up as a $1,250 recognizance, and that it was probably still a recognizance for that amount, it devolved upon the plaintiff to show that a change had been made in the recognizance prior to its execution, and that it was really and in fact only a $1,200 recognizance when it was executed. This is substantially what the court below charged. Of course if the recognizance had shown upon its face that it was a $1,200 recognizance, the instruction would have been erroneous; but we cannot say that such was the case. On the contrary, we are inclined to think that the recognizance always showed upon its face that it was in fact a $1,250 recognizance. If not, then it was so doubtful as to what it did show that the plaintiff had to show by extrinsic evidence what was intended by the parties when the recognizance was executed, and in this manner the plaintiff had to "explain the alteration in the recognizance." There was nothing on the face of the recognizance which showed that the recognizance was intended to be only a $1,200 recognizance, and nothing that tended to show it except the partial erasure of the words "& fifty." If no extrinsic evidence had been introduced tending to show that these words were intended to

be erased, and that they were attempted to be erased before the recognizance was signed, the jury should probably have found that the recognizance was always a $1,250 recognizance. The plaintiff attempted to show by extrinsic evidence that the partial erasure of the words "& fifty" was intended as an erasure, and that the same was done prior to the signing of the recognizance, but it failed. The question of erasure was for the jury, and under the facts of the case we cannot say that the said instruction was erroneous.

The judgment of the court below will be affirmed.

All the Justices concurring.