# COURTS OF APPEALS,

## STATE OF KANSAS.

### T. F. Cox v. The State of Kansas.
#### No. 131.

APPEAL BOND — *approved and defendant discharged, justice no jurisdiction to take new bond thereafter.* Where a justice of the peace has once fixed the amount of bail in an undertaking in appeal in a criminal case, and a bond has been given by the appellant and approved by the justice, and the prisoner has been discharged from arrest thereunder, the jurisdiction of the justice has terminated and a recognizance taken eight days thereafter is void.

Error from Elk District Court. Hon. M. G. Troup, Judge. Opinion filed January 5, 1897. *Reversed.*

*L. Scott*, for plaintiff in error.

*F. B. Dawes*, Attorney General, and *John Marshall*, County Attorney, for The State.

JOHNSON, P. J. This action was brought in the District Court of Elk County, Kansas, by the State of Kansas, to recover upon a forfeited bond purporting to have been executed by T. C. Hatton as principal and T. F. Cox and W. M. Crooks as sureties. The case is brought to this court upon a transcript attached to the petition in error. The State contends, in its brief, "that this case is not in this court in such a

(539)

540      Cox v. The State.

S. Dept.      Opinion.   Johnson, P. J.      5 Kan. App.

manner that this court can pass upon the question raised and say that there is error in the record and proceedings in the trial court.'' The only question raised in this case is, did the court err in its conclusions of law upon the facts found? The clerk of the district court certifies :

''That the foregoing contains and is a true, complete and correct copy of all the pleadings, with indorsements thereon, motions, orders, findings of fact and conclusions of law thereon, together with all the judgments, orders and proceedings thereon, motion for new trial and judgment thereon, including the petition, answers of the defendants W. M. Crooks and T. F. Cox, reply of the plaintiff to said answers, trial and findings of fact and conclusions of law by the court, and judgment thereon, motion for new trial and judgment thereon. And I further certify that the amount in controversy exceeds the sum of one hundred dollars, exclusive of costs, that said sum in controversy is for the sum of four hundred dollars and interest thereon.''

This is a copy of the record and proceedings and certainly is all that is necessary for us to have before us to intelligently pass upon the errors complained of. To refuse to review the case would be to apply an extremely technical rule to the certificate of the clerk certifying to the transcript. We shall consider the the case upon its merits.

The court made findings of fact and conclusions of law. It found, that Hatton had been convicted of a misdemeanor; that he filed an appeal bond, with Crooks and one G. W. Harris as sureties, which bond was approved and Hatton discharged; that about six or eight days later, Harris became dissatisfied as surety, and prevailed upon the justice of the peace to erase his name from the bond and take in his stead the plaintiff in error, T. F. Cox, who signed the orig-

Cox v. The State.                541

Jan. 5, 1897.        Opinion.   Johnson, P. J.                 E. Div.

inal bond after Harris' name had been erased; that after the change had been made the appeal papers were filed with the clerk of the district court; that when the case was called Hatton made default, and thereafter the bond was duly declared forfeited; that afterward this case was commenced upon the bond. The court found as a conclusion of law that Crooks was not liable and that Cox was, and rendered judgment against him for the full amount of the bond.

We think the justice of the peace had no jurisdiction to fix the amount of the recognizance, to direct, or authorize the giving of a new recognizance, or any alteration or amendment of the recognizance already given, eight days after it had been executed and approved. When he had fixed the amount of the undertaking in appeal, and the recognizance had been given and approved, and the defendant had been discharged thereon, the jurisdiction of the justice terminated. He could do nothing further in the matter except make a transcript of the proceedings had before him, and certify the case to the District Court.

In the case of *The State v. Winniger* (81 Ind. 51), the Supreme Court held, that a complaint upon a forfeited recognizance must state facts showing that the officer, by whom bail was accepted, had authority to take it, that a recognizance must be valid at the time that it is entered into, and that the officer taking the same must have authority so to do, or it is void, and no action can be maintained thereon.

The attempt of the justice to strike out the name of Harris and insert in lieu thereof the name of Cox, destroyed the validity of the recognizance; it was beyond his jurisdiction.

In the case of *Waugh v. The People* (17 Ill. 562), an action on a forfeited recognizance, where the court had

542      Cox v. The State.

S. Dept.      Opinion.   Johnson, P. J.      5 Kan. App.

ordered the defendant in a criminal prosecution to be held in bail for his appearance in the sum of one hundred dollars, the sheriff, in taking the recognizance for his appearance, required him to give bail in the sum of two hundred dollars. The court in commenting on the validity of this bond says : "It is not and cannot be denied that the plea showed the recognizance was void as to a part, and, if so as to a part, then it was void as to the whole."

In the case of *Roberts v. The State* ( 34 Kan. 151 ), an action on the forfeited recognizance executed to discharge C. F. Roberts from custody, who was charged with having committed robbery, the order of the court admitting him to bail fixed the amount of his bond at twelve hundred dollars, but the sheriff in taking the recognizance took it in the sum of $1,250. Chief Justice Horton, in delivering the opinion of the court, says :

"The recognizance is not defective on account of form, omission of recital, condition of undertaking, or for the neglect of any clerk or magistrate, or for any other irregularity. It is more than defective or irregular ; *it is utterly void.* The recognizance is a substantial departure from the bond required by the district court. 'Bonds, to secure the appearance of a person charged with crime, must be taken and executed in pursuance of the order of the proper court or officer.' "

In the same case, further commenting on the recognizance, he says :

" 'A recognizance taken by a court without jurisdiction, or by an officer without authority is void.' The sheriff was bound to pursue his authority strictly, and when he departed from it and required bail in excess of the order of the district court he acted without authority, and the recognizance was as void as if he had no authority whatever to require bail."

The conclusion of law holding the recognizance

valid as to Cox was erroneous. No objections having been made to the findings of fact, each party being satisfied with them, the judgment of the court should have been for the defendant below.

The judgment of the District Court is reversed and the case remanded with direction to render judgment for the defendant below.