THE CITY OF KANSAS CITY v. JULIUS HESCHER.

No. 438.

1. RECOGNIZANCE—*Appeal from Police Court.* A recognizance executed in behalf of a defendant upon an appeal from a judgment of conviction for a violation of a city ordinance is not void because it fails to state the particular offense charged, where it clearly appears that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and where it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before the proper court for trial for such offense.

2. ———— *City Named as Recognizee.* A recognizance given by a defendant in a prosecution for violation of an ordinance of a city of the first class is not void beause of the fact that the city is therein named as recognizee.

3. ———— *Superadded Conditions—not Cause for Dismissal of Appeal.* Where a defendant charged in the police court of a city of the first class with an offense criminal in its nature, in order to perfect an appeal from a judgment of conviction therein rendered against him, voluntarily executes a recognizance containing conditions prescribed by the statute which are more onerous than could, under the constitution, be required of him, and he is thereupon discharged from custody, and the recognizance and a proper transcript of the proceedings had in said cause are duly certified to the district court, *held,* that it is error to dismiss the appeal upon the application of the city because of the superadded conditions of the recognizance.

MEMORANDUM.— Appeal from Wyandotte district court; HENRY L. ALDEN, judge. Prosecution for a violation of an ordinance of The City of Kansas City. Defendant, Julius Hescher, was convicted in the police court, and appealed. The district court dismissed the appeal. Defendant brings the case to this court. Reversed. The opinion herein, filed December 3, 1896, states the material facts.

· John A. Hale, and McGrew, Watson & Watson, for appellant.

K. P. Snyder, city counselor, and T. A. Pollock, city attorney, for appellee.

The opinion of the court was delivered by

CLARK, J. : This is an appeal by Julius Hescher from an order of the district court of Wyandotte county dismissing his appeal from a judgment rendered against him in the police court of Kansas City. From the record filed in this court it appears that Hescher was arrested upon complaint of J. A. Walsh, a police officer, charged with a violation of section 1 of ordinance No. 775 of the said city, by keeping a tippling shop in said city, at No. 426 on Minnesota avenue ; that said cause was duly entered upon the docket of the police judge under the caption, " The City of Kansas City v. Julius Hescher, No. 9558" ; that on September 3, 1895, the defendant waived arraignment and pleaded not guilty ; that thereafter, and on said day, a trial was had, at which the said police officer was sworn and testified on behalf of the plaintiff ; that the defendant offered no evidence ; that Hescher was found guilty as charged and fined $50, and offered to stand committed to the jail of said city

until said fine should be paid; that on September 10 thereafter he tendered a recognizance, which was approved and filed by the court, and the defendant was discharged from custody, the following being a copy of said recognizance:

"The City of Kansas City, plaintiff, v. Julius Hescher, defendant. No. 9558. Judgment before P. K. Leland, police judge of the city of Kansas City Kan.

"Whereas, judgment in the above-entitled cause was on the 3d day of September, 1895, rendered by the above-named police judge against the said ——— for $50 fine and costs of suit, taxed at no dollars; and whereas, said Julius Hescher has appealed from said ,judgment to the district court of Wyandotte county, Kansas: Now, therefore, we, Julius Hescher, as principal, and ———, as surety, jointly and severally acknowledge ourselves to owe and be indebted to the city of Kansas City, Kan., in the sum of $100, to be levied of our goods, chattels, and tenements, if default be made in the conditions following, to wit: The condition of this recognizance is such, that if the above-named Julius Hescher shall personally be and appear before the district court of Wyandotte county, Kansas, on the first day of the term thereof next to be holden in and for said county, to answer the complaint in said cause against him, if the case be determined against him, and abide the judgment of the court and not depart the court without leave, then this recognizance shall be void; otherwise, shall be and remain in full force and virtue. Witness our hands, this 10th day of September, 1895.                    JULIUS HESCHER.
                                                              J. F. ERB.

"Taken, and the surety approved by me, this 10th day of September, 1895.—P. K. LELAND, Police Judge."

The record further shows that the recognizance and a transcript of the proceedings had in said cause before the said court were by the police judge duly certified to the district court of Wyandotte county, and that on the 30th day of November, 1895, the city, by

its attorneys, filed a motion to dismiss said appeal, on the ground that the district court had no jurisdiction either of the cause or of the parties thereto, for the want of a valid recognizance, the contention being that the instrument filed as a recognizance was void because, as claimed : (1) It does not state or designate the offense for which the principal therein is required to appear for trial ; (2) the city of Kansas City, Kansas, instead of the state of Kansas, is therein named as recognizee ; (3) neither in form nor in substance does it meet the requirements of the law ; (4) the condition therein that the defendant should pay all such fine and costs as should be imposed on him, if the case should be determined against him, is contrary to the law and constitution of this state. The court, over the objection of the defendant, sustained the motion and dismissed the appeal, to which ruling an exception was duly saved.

In the General Statutes of 1889 the following provisions are found :

Paragraph 612 : "In all cases before the police judge an appeal may be taken by the defendant to the district court in and for the county in which said city is situated ; but no appeal shall be allowed unless such defendant shall within 10 days after such conviction enter into recognizance, with sufficient security, to be approved by the judge, conditioned for his appearance at the district court of the county at the next term thereof to answer the complaint against him, and for the payment of the fine and costs of appeal if it should be determined against the appellant."

Par. 5201 : "All recognizances required or authorized to be taken in any criminal proceeding, or in any proceeding of a similar nature, shall be in writing, and shall be subscribed by the parties to be bound thereby."

Par. 5219 (Criminal Code, § 154): "No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

Counsel for the city insist that at common law, in order to be of any validity, a recogizance must state the offense for which the defendant is required to answer, and that notwithstanding the provisions of the statute above quoted that rule is in force in this state. In *McLaughlin v. The State*, 10 Kan. 581, it was held that the strict rule of the common law with reference to recognizances is changed by our statute, and that it is now sufficient if from the *whole record* it be made to appear that the defendant is duly in custody charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court for trial for such offense. In *Jennings v. The State*, 13 Kan. at page 91, BREWER, J., uses the following language :

"Counsel for plaintiffs in error has been very diligent, and collected numerous authorities, and presented his points with clearness and force, and under the old rules which obtained prior to the enactment of said section 154 might properly have expected a

different decision from this court. But language could hardly be more sweeping and comprehensive than section 154. It has at one blow swept away, so far as this state is concerned, nearly the entire accumulation of authorities in the matter of recognizances. It has, as we think, introduced a truer and better rule and one which will tend to promote the interests of justice.''

In *Tillson v. The State*, 29 Kan. 452, it was held that a recognizance would not be fatally defective and void merely because of its indefiniteness in failing to show that it was given in a criminal case, wherein the defendant was charged with the commission of a public offense, '' and especially so where the previous portions of the record show definitely, explicitly and in detail the nature and character of the offense with which the accused was charged.'' In that case, VALENTINE, J., speaking for the court, says :

''The point that the recognizance does not show that Masterson, the accused, was charged with the commission of any offense, we also think is untenable. . . . The recognizance is an obligation of record, and wherever it is obscure or indefinite, other portions of the record may be examined for the purpose of making its meaning clear and explicit. The plaintiff in error founds his argument upon this point principally, if not entirely, upon the language of section 154 of the criminal code, which says that no recognizance shall be held to be insufficient if it be made to appear, among other things, that the defendant was 'in custody, charged with a public offense, . . . and that it can be ascertained *from the recognizance* that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense.' The words 'such offense,' above quoted, simply mean 'public offense,' and refer back to these words as previously used ; and the section does not mean that the offense shall be set out in detail, but simply that a statement shall be

made or words inserted showing that the defendant was charged with the commission of some public offense.     We think the recognizance in the present case shows this, although it shows the same only indefinitely, obscurely, and inferentially.     The recognizance is entitled 'The State of Kansas, plaintiff, *v.* Philip Masterson, defendant.'   It shows that the case was pending before George M. Everline, a justice of the peace of Monroe township, Anderson county, Kansas; and it shows that the plaintiff in error bound himself to the state of Kansas for the appearance of Masterson before the said justice for an examination in the case.   Now can the above description apply to any case except a criminal case?   Can it apply to any case except a case where a public offense has been intended to be charged?   We would think not. . . .   We do not think that the recognizance is so fatally defective as to be utterly null and void.''

In this case, while the recognizance fails to designate the particular offense charged against Hescher, it shows that on September 3, 1895, in an action pending in the police court of Kansas City, bearing the number 9558, wherein said city was plaintiff and Hescher was defendant, the latter was fined $50, and that he had appealed from that judgment to the district court, and the transcript of the proceedings in the police court shows the particular offense charged against him.   We think, under the rule laid down in *Tillson v. The State*, supra, the objection to the recognizance on the ground that it fails to state the offense charged against the defendant is without merit.

It is next contended that, as the section of the statute which authorizes an appeal from the judgment of the police court provides that in order to perfect such appeal the defendant should enter into a recognizance, conditioned as therein prescribed, but fails to designate in whose favor the same should be exe-

cuted, under paragraph 617 the same rules of procedure obtain as in perfecting an appeal from a judgment rendered by a justice of the peace in a criminal case, which, under paragraph 5454, require the recognizance to be executed to the state of Kansas, and that, as the recognizance in this case was executed in favor of the city of Kansas City, it is void.   While the two sections of the statutes last above mentioned would seem to indicate that the recognizance should run to the state, yet, as the law provides that, upon a breach of a recognizance given in an action for a violation of a city ordinance, the same be deemed and declared forfeited, and the city attorney forthwith cause the same to be prosecuted in the name of the city, as plaintiff, and that all moneys recovered in such action be paid over to the city treasurer to the credit of the general fund of the city (paragraph 621), the city is the *real party in interest*, and is in fact the only party aggrieved by the misconduct with which the defendant is charged.   The defect in the recognizance was at most but one of form, which, under paragragh 5219 (Crim. Code, § 154), would not render it void.   It is certainly a good common-law obligation, which could be enforced against the makers thereof should the judgment of the police court be affirmed.   (*Johnson v. Weatherwax*, 9 Kan. 75; *Lewis v. Stout*, 22 Wis. 234; *Garretson v. Reeder*, 23 Iowa, 21.) For the reasons above given, we do not think the order dismissing the appeal could be sustained on the ground that the recognizance was executed in favor of the city instead of the state.

In answer to the third objection, that the obligation "is not in form or substance as required by law," we need but to quote from Valentine, J., in *Ingram v. The State*, 10 Kan. 635:

"It is true that that portion of the instrument

which contains the obligation is in the form of a penal bond, and not in the form of a recognizance. It is true that that portion of the instrument seems to create a new debt or obligation, as a penal bond does, and is not the acknowledgment of a preexisting debt, as a recognizance is; but this is such an immaterial difference that the instrument cannot be declared void under our statutes merely for that reason. (Crim. Code, § 154.)"

It is finally insisted that the condition in the recognizance that the defendant should "pay all such fines and costs as shall or may be imposed on him, if the case be determined against him," violates section 5 of the bill of rights, makes the recognizance more onerous upon the defendant than is required by the law, and renders it void; and, in support of this contention, the following among other authorities are cited by counsel: *Roberts v. The State*, 34 Kan. 151; *Durein v. The State*, 38 id. 485; and *In re Jahn, Petitioner*, 55 id. 694. We do not think that any of those decisions has any application to the facts in this case. In the first case cited, Roberts was charged with the commission of a criminal offense. The court fixed the amount of the recognizance to be given by him at $1,200. The sheriff required and accepted from him a bond in the sum of $1,250. In an action upon the bond, it was held that the court alone had authority to fix the amount of the bail, that the sheriff was bound to pursue his authority strictly, and that, when he departed from it, and required bail in excess of the order of the court, he acted without authority, and the recognizance was as void as if he had no authority whatever to require bail.

In the Durein case, the principal defendant pleaded guilty to the sale of intoxicating liquor in violation of law; on February 23, 1884, he was sentenced to

pay a fine, and, in addition thereto, was by the court required to give security for his good behavior for the term of two years, in the sum of $500, and that he stand committed to the county jail until such security should be given. (Crim. Code, § 242.) On June 10, thereafter, to avoid being imprisoned, he gave a bond with approved sureties, conditioned as required by the order of the court, and which bond also contained a provision that he would not "during said term of two years, in person or in connection with or by means or through the agency of others, or any one else, either directly or indirectly, or in any form or manner, barter or sell intoxicating liquor of any kind." He was afterward convicted of the unlawful sale of intoxicating liquor in September, 1894, and soon thereafter an action was commenced to recover the amount of the bond, and it was held that the sheriff was not authorized to require him to give bond containing the superadded condition ; that notwithstanding Durein might, within two years, upon compliance with certain prescribed conditions, be authorized by law to sell intoxicating liquor, yet a lawful sale made by him within that period would constitute a breach of the condition of the bond which he was required to give in order to avoid being committed to the county jail ; that the bond was not voluntarily executed ; that the superadded condition rendered it void, and no recovery could be had thereon.

The Jahn case was an original proceeding in *habeas corpus*. The petitioner was charged in the police court of a city of the third class with a violation of an ordinance of said city, which declared it unlawful for any person other than a druggist having a permit to sell or barter intoxicating liquors. While no provision is made by statute for a jury trial in prosecutions

in the police court for violations of city ordinances, yet Jahn demanded such a trial, which was refused by the court. He was found guilty and adjudged to pay fines aggregating $200, in addition to the costs, and was committed to jail until the fines and costs should be paid. The statute authorizing an appeal from such a judgment and prescribing the conditions of the recognizance to be given by the appellant (¶ 1010) is almost identical with paragraph 612, under which Hescher perfected this appeal. Jahn claimed that, under section 5 of the bill of rights, he was entitled to a jury trial, and as under the statutes the only way in which he could obtain such a trial would be by appealing to the district court from the judgment rendered against him, he was entitled to such appeal, clogged by no unreasonable restrictions; that under said paragraph 1010 he was denied an appeal to the district court, and consequently a jury trial, unless he would enter into a recognizance with good and sufficient security to be approved by the police judge, conditioned for the payment of such fines and costs as should be imposed on him, should the case be determined against him; that that requirement of the statute was unreasonable and violated the spirit of the bill of rights, and that he was unlawfully restrained of his liberty. The supreme court sustained him in this contention, and held that the recognizance should provide for nothing more than the personal appearance of the appellant before the district court of the county on the first day of the next term thereof, and ordered that upon the execution of such a recognizance he should be discharged from imprisonment.

It will seem that the questions which were presented for solution in the cases referred to called for the ap-

plication of legal principles which do not arise in the case now before the court. Each of the first two cases was an action to recover upon a written obligation which had been unlawfully required by the officer, and involuntarily executed by the defendant as the alternative of being committed to jail; and, in the Jahn case the complaint made by the petitioner was that he had been denied the constitutional right of a trial by jury, except upon compliance with certain requirements of the statute which he claimed and which the court there held to be unreasonable and therefore inoperative. In this case, the city, while claiming that the offense charged against the defendant is criminal in its nature, and that the accused is entitled to a jury trial (which he can secure if it should be held that an appeal has in fact been perfected), is seeking to have the appeal dismissed, which, if successful, would operate to make final the judgment which was rendered by the police judge of the city upon its own finding, unaided by the verdict of the jury, and one of the grounds upon which that motion is based is that the condition of the recognizance, that the defendant should pay such fines and costs as might be imposed upon him if the case should be determined against him, is contrary to and in violation of the constitution of the state.

In the consideration of the question thus presented, it is important that we do not lose sight of the fact that there is no constitutional *requirement* that one charged with a criminal offense shall be tried by a jury. And it must also be borne in mind that all that is contemplated by that portion of the organic law which relates to the subject under consideration is that the accused shall have the right to have the question as to his guilt passed upon by a jury, and

that in the exercise of that right he shall be hampered by no unreasonable restrictions. There is no constitutional restriction upon legislation with reference to the terms upon which a person convicted of a criminal offense may appeal to a higher court. There is nothing in the record to indicate that Hescher either demanded or desired a jury trial in the police court. For aught that appears therein, he may have preferred that the police judge hear the evidence and pass upon the question as to his guilt, unaided by a jury. In fact, he may even have anticipated a finding of guilty and the imposition of a fine, and, relying upon the right of appeal given him by paragraph 612 of the statute, he may have thought it to his interest to make no defense in the police court, suffer a judgment to be rendered against him, and then appeal therefrom by giving a recognizance conditioned as prescribed by that paragraph of the statute. If such were the case, and the sureties had knowledge thereof, they certainly could not be heard to say that the recognizance was void because it contained a stipulation for the payment of the judgment. The record fails to show that the defendant interposed any objection to being tried in the police court without a jury, or that he objected to giving a recognizance conditioned for the payment of any judgment which might be rendered against him. Upon being convicted and sentenced he tendered this recognizance, the amount and conditions of which are in strict accordance with the requirements of the statute authorizing an appeal from the judgment rendered against him. It was taken and approved by the police judge, and, with a transcript of the proceedings, was duly certified to the district court, and the defendant was discharged from custody. He did not complain in the district court

that in order to secure a jury trial he was required to give security for the payment of the judgment, but, on the contrary, he resisted the motion to dismiss his appeal, and he is here contending that the court erred in sustaining that motion.

If the recognizance was voluntarily executed, and the parties signing the same were at the time cognizant of all the facts connected with the taking of the appeal, the instrument certainly should not be held to be void.   The judgment was in favor of the city, and, when collected, the money would be paid into the city treasury to the credit of the general fund of the city.   A part of the judgment was that the defendant stand committed to the city jail until the fine should be paid, although the mayor of the city had the power, by and with the consent of the council, to remit the fine.   If the fine was neither paid nor remitted, the defendant could secure his discharge from custody only by appealing from the judgment, and an appeal could not be taken except by giving a recognizance.   To sustain the ruling of the trial court would be to hold that the presumption is that the recognizance conditioned for the payment of the judgment was not voluntarily executed, and from which presumption the irresistible conclusion would follow, that the city required the execution of a recognizance containing such condition as the only alternative by which Hescher should secure his discharge from custody and a trial by jury in the district court.   We do not believe such to be the law.   But even were it the law, the city could not be heard to complain that the defendant, in order to secure an appeal to the district court, had, in compliance with the requirements of the city, given a recognizance containing conditions more onerous than the law requires of him.   The

recognizance is not void upon its face, nor is there anything in the record from which an inference could fairly be drawn that it was not voluntarily executed.

The court erred in sustaining the motion to dismiss the appeal, and the judgment will therefore be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.