## THE CITY OF KANSAS CITY v. C. E. FAGAN.
### No. 442.

1. POLICE COURT— *Time for Appeal.* Under the statute authorizing an appeal from a conviction in a police court of a city of the first class, a defendant is given 10 days in which to perfect his appeal to the district court from the judgment rendered against him.

2. ——— *Execution of Recognizance for Appeal.* It is not essential to the validity of a recognizance given by a defendant upon appeal from a conviction of a violation of a city ordinance that the recognizance should be executed in the presence of the police court or police judge, or that its execution should be acknowledged before such court or officer.

MEMORANDUM.— Appeal from Wyandote district court; HENRY L. ALDEN, judge. Prosecution for violation of an ordinance of The City of Kansas City. Defendant, C. E. Fagan, was convicted in the police court, and appealed to the district court. From an order dismissing the appeal he brings the case to this court. Reversed. The opinion herein, filed December 3, 1896, states the material facts.

*John A. Hale*, and *McGrew, Watson & Watson*, for appellant.

*K. P. Snyder*, city counselor, and *T. A. Pollock*, city attorney, for appellee.

The opinion of the court was delivered by

CLARK, J.: This is a prosecution for a violation of an ordinance of the city of Kansas City. The facts are similar to those in the case of *City of Kansas City v. Hescher*, ante, p. 782, and several of the questions raised are identical with those decided in that case. The record, however, fails to show that the defendant personally appeared before the police court for trial, but it does show that he appeared by his attorney, waived arraignment, and pleaded not guilty; that on the same day a trial was had, the officer making the arrest being sworn and testifying as a witness, but no evidence being offered on behalf of the defense. Fagan was found guilty, fined $50, and ordered to stand committed to the jail of the city until the fine should be paid. Six days thereafter he filed with the police judge a recognizance, which was conditioned in exact conformity to the requirements of paragraph 612, General Statutes of 1889. This recognizance was on that day approved, and thereafter, together with a transcript of the proceedings had in said cause, was certified to the district court of Wyandotte county, where the city filed its motion to dismiss the appeal, the motion being based upon the same grounds as were set out in the motion filed in the Hescher case, but also alleged that the recognizance was not acknowledged by either of the parties thereto before the police judge or police court of Kansas City, nor filed within 24 hours after the rendition of the judgment. This

motion was supported by the affidavit of the police judge and was sustained by the court, and from the order of dismissal this appeal is prosecuted by the defendant.

At common law, it was essential to the validity of a recognizance that it be entered into before the court or officer authorized to take the same. It was not signed, but was simply spread upon the record, and the parties sought to be charged thereby were informed as to its terms and conditions, to which they orally assented, and a record was in a like manner made of that fact. This constituted it an ''obligation of record,'' and it amounted in reality to a conditional judgment. It is contended by counsel for the city that, notwithstanding paragraph 5201, General Statutes, 1889, provides that all recognizances shall be in writing and shall be subscribed by the parties to be bound thereby, such instruments are still '' obligations of record,'' and that in order to be of any validity they must be executed and acknowledged before the proper court or officer, and that an instrument, although in form a recognizance, if it is not in fact so executed or acknowledged, does not rise to the dignity of an ''obligation of record,'' and is consequently insufficient upon which to base an appeal in a criminal action, and is wholly void. The statutes of this state do not in terms require that a recognizance shall be either executed or acknowledged in the manner above indicated, nor is this court advised as to any valid reason for adhering to the common-law rule which requires the recognizance to be entered into before the court in which the proceedings are pending, or before an officer specially authorized to take the same. Under our statutes no judgment is rendered; simply a written acknowledgment of the indebtedness

is filed. The only evidence that a party to a common-law recognizance ever assented to its conditions is the record itself, while the assent of a recognizor to the terms and conditions of a recognizance executed under the statute may be shown by proof of the signature thereto. In one case it is given orally, in the other in writing. The only purpose which could be subserved in requiring the recognizors to execute a recognizance in the presence of the court, or to acknowledge such execution before an officer, would be to secure evidence of the assent to the terms and conditions therein prescribed, and without which no recovery could be had in case of a breach thereof. As already stated, this fact may be otherwise shown.

The city contends that paragraph 612, General Statutes, 1889, is wholly void because of the provision therein that the defendant, upon an appeal from a judgment rendered in the police court for an offense criminal in its nature, and which is prohibited by a city ordinance, shall be entitled to an appeal only upon the execution of a recognizance conditioned for the payment of the fine and costs of appeal if it should be determined against him. It is true that the supreme court, in the case of *In re Jahn*, 55 Kan. 694, held that a clause in paragraph 1010, General Statutes, 1889, similar to the one to which objection is here made, was an unreasonable restriction on the right of appeal, and in conflict with the constitutional guaranty that "the right of trial by jury shall be inviolate"; but we do not think that, because the right to a jury trial cannot be made contingent upon the execution by the defendant of a recognizance conditioned for the payment of the fine, it necessarily follows that the entire section of the statute which contains such a requirement, and which also allows

the defendant 10 days from the date of the rendition of the judgment in which to perfect his appeal, is absolutely void, and that, under paragraph 617, which provides that, "in all cases not herein specifically provided for, the process and proceedings shall be governed by the laws regulating proceedings in justices' courts in criminal cases," an appeal can only be had by complying with the statute authorizing an appeal from a judgment rendered before a justice of the peace, which allows but 24 hours after the rendition of the judgment in which to perfect an appeal. (¶ 5454.) In answer to the argument of counsel, we need only repeat what was said in the Hescher case :

"The record fails to show that the defendant interposed any objection to being tried in the police court without a jury, or that he objected to giving a recognizance conditioned for the payment of any judgment which might be rendered against him.    .    .    .    He did not complain in the district court that, in order to secure a jury trial, he was required to give security for the payment of the judgment, but on the contrary he resisted the motion to dismiss his appeal, and he is here contending that the court erred in sustaining that motion.    .    .    .    The recognizance is not void upon its face, nor is there anything in the record from which an inference could fairly be drawn that it was not voluntarily executed."

The defendant was entitled to 10 days in which to perfect his appeal. The recognizance which was given is not void upon its face, and in view of the facts disclosed in the record the presumption cannot be indulged that it was not voluntarily executed.

The court erred in dismissing the appeal, and the judgment will therefore be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.