No. 38,688

STATE OF KANSAS, *Appellant,* v. MARVIN GENE BROCKELMAN, *Appellee.*

(249 P. 2d 692)

Opinion filed November 8, 1952.

*H. R. Fatzer,* attorney general, and *Charles W. Bradshaw,* county attorney, were on the brief for the appellant.

*John E. Wheeler,* of Marion, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal by the state from an order and judgment of the trial court discharging defendant in a case brought to the district court on appeal from the justice of the peace court.

For purposes of clarity, the appellant will be referred to as the state, and the appellee as defendant.

On December 30, 1950, defendant was charged in a complaint filed in the justice of the peace court of Herington, Kan., with reckless driving, a misdemeanor, in violation of G. S. 1949, 8-531. No warrant was issued, however defendant appeared before the justice of the peace on the same day in response to a summons issued by a highway patrolman and pleaded guilty to the offense. He was thereupon duly sentenced to serve ninety days in the county jail and to pay a fine of $100 and the costs of the action. Later the same day defendant employed an attorney and notified the justice of the peace that he desired to appeal the judgment and sentence to the district court. The same evening he posted a statutory appeal bond (G. S. 1949, 63-401), as fixed and approved by the justice of the peace, conditioned for his appearance at the district court of Dickinson county at the next term thereof, to answer the complaint against him and was thereupon immediately released from confinement. The next term of the Dickinson county district court commenced January 1, 1951, and succeeding terms May 21, September 10, 1951, and January 7, 1952 (G. S. 1949, 20-1008).

The appeal was not certified by the justice of the peace to the district court until December 29, 1951, one year after the appeal bond was filed and approved. Six days later, on January 4, 1952, defendant filed his motion in the district court seeking a dismissal of the case and his discharge in said action. The motion sets forth, in substance, the facts hereinbefore related, and further alleges that the delay in bringing him to trial was not occasioned by any application or consent on his part, nor for the want of time to try said cause. It was further alleged that after defendant had posted his appeal bond, the county attorney instructed the justice of the peace not to certify the appeal to the district court, and that such action was tantamount to a discharge of the defendant.

Although not expressly stated in the motion, it may be interpreted from the facts set forth therein that it was the contention of the defendant that his constitutional rights had been violated, in that he

had not been allowed a speedy trial as provided by section 10 of the bill of rights of the state constitution.

At the hearing on said motion in the lower court, the justice of the peace testified, in substance, that the reason he did not certify the case immediately to the district court after the appeal bond was filed was that the county attorney came to his office, had a discussion about the case and told him not to proceed with the transcript; that he understood the county attorney to tell him to forget the appeal; that shortly thereafter, defendant's counsel inquired of him why the transcript had not been filed and he informed him the county attorney had told him to forget it, that he was going to refile.

At the conclusion of the hearing on the defendant's motion, the court ordered defendant discharged and the appeal dismissed. It is from this order that the state appeals. This brings us to the question—was defendant afforded a speedy trial?

Section 10 of the bill of rights of our state constitution provides, in part, that "in all prosecutions the accused shall be allowed . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

The constitutional right to a speedy trial obtains without respect to the grade of crime of which the accused may be charged. It is guaranteed to every person accused of crime. (14 Am. Jur., Crim. Law, 858; 22 C. J. S., Crim. Law, 715.)

G. S. 1949, 63-401, applying to criminal procedure before justices of the peace provides:

"The defendant shall have the right of appeal from any judgment of a justice of the peace imposing fine or imprisonment, or both, under this act, to the court having criminal jurisdiction of the county, which appeal shall be taken immediately upon the rendition of such judgment, and shall stay all further proceedings upon such judgment. No appeal shall be granted or proceedings stayed unless the appellant shall within ten days after the rendition of such judgment enter into a recognizance to the state of Kansas in a sum and with sureties to be fixed and approved by the justice before whom said proceedings were had, conditioned for his appearance at the district or criminal court of the county at the *next* term thereof, to answer the complaint against him. The justice from whose judgment the appeal is taken *shall* make return of the proceedings had before him, and *shall certify* the complaint and warrant together with all the recognizances to said district or criminal court on or before the first day of the term thereof *next thereafter* to be holden in the county; . . ." (Emphasis supplied.)

G. S. 1949, 63-402 provides, in substance, that the district court shall hear and determine the cause on appeal from the justice of the

peace upon the original complaint, unless it shall be found insufficient and defective, in which event the court may order a new complaint to be filed therein, and the case shall proceed to trial as if the original complaint had not been set aside.

The purpose of the mentioned statutes was to render the constitutional guaranty of a speedy trial effective and to provide a method of securing such right in misdemeanor cases appealed from the justice of the peace court. The procedure provided by the statute is plain, that the defendant shall take his appeal immediately upon the rendition of the judgment, and within ten days after judgment file his appeal bond in the amount fixed and approved by the justice of the peace, conditioned on his appearance at the next term of the district court. It then becomes the duty and responsibility of the justice of the peace to certify the transcript to the district court on or before the next term to be held in the county where the case shall proceed to trial in that court, on the original complaint or, if defective, an amended complaint. The statute is intended to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal cases. It is a direction to the prosecuting officer to act and not delay the prosecution of those charged with crime.

In the instant case, the defendant's appeal was suspended in midair between the justice of the peace court and the district court for one year. Had the justice of the peace performed his function and certified the record as directed by statute, the defendant might have had a trial during the January, 1951, term of the district court or succeeding terms. We can find no statute in this state which authorizes the county attorney or the justice of the peace to circumvent the mandate of the legislature as to the procedure to be followed in appeals in criminal actions from the justice of the peace to the district court.

The statement made by the county attorney to the justice of the peace not to proceed with the transcript and to forget the appeal was without any statutory authority, and afforded no reasonable or legal grounds for the failure of the justice of the peace to certify the record to the district court before the first day of the next term or within a reasonable time thereafter.

The right to a speedy trial has been zealously guarded by the English people since the signing of the Magna Charta. It is written into the constitution of the United States and has been adopted in the bill of rights of this state. A right so sacredly guarded cannot be lightly ignored. It is a right, not a privilege, and cannot be frittered away by the laches of public officers. *State v. Dewey,* 73 Kan. 739, 88 Pac. 881; *In re Trull,* 133 Kan. 165, 298 Pac. 775; 14 Am. Jur., Crim. Law, page 859.

Under the pleadings and facts set forth in the instant case, it is conclusively shown that by reason of both action and inaction on the part of the public officials hereinbefore mentioned, the defendant has been denied his constitutional right of a speedy trial, and that the trial court did not err in dismissing the action and discharging the defendant.

The judgment of the lower court is affirmed.