No. 46,191

City of Ogden, Kansas, *Appellee,* v. Lena B. Allen, *Appellant.*

(493 P. 2d 277)

Opinion filed January 22, 1972.

*Robert K. Weary,* of Weary, Weary, Chartier and Robertson, of Junction City, argued the cause and was on the brief for appellant.

*Donald R. Hill,* of Rogers, Stites & Hill, of Manhattan, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This case arises out of the issuance of a traffic citation for double parking in violation of an ordinance of the city of Ogden, against the appellant, Lena B. Allen. The case was tried in the police court on November 25, 1969. The appellant was convicted, and on the same day she filed a notice of appeal to the district court, and pursuant to K. S. A. 15-515, she filed an appro-

priate recognizance which was approved by the police judge on that day.

Following the appellant's trial in the police court and the perfection of her appeal, she inquired of her attorney when it would be necessary for her to appear in the district court. Counsel advised her he did not know at that time, but that when the case was docketed, and when he received the appearance docket from the clerk of the district court, he would advise her.

For reasons which are neither apparent nor understandable, there was an unexcusable delay of two months by the police court between the disposition of the case and the filing of the transcript on appeal with the clerk of the district court on January 27, 1970. The February term of the district court commenced on February 2, 1970, six days after the transcript was filed in the clerk's office. The printed appearance docket of the district court serves as notice to attorneys that cases appearing thereon will be called for hearing at 10:00 a. m. on the first day of the term of the district court.

Prior to the filing of the transcript, the printed docket of the February term had been mailed by the clerk of the court to all attorneys with cases pending thereon. The appellant's case was not on that docket. Her attorney in Junction City had no cases on the appearance docket, hence, he did not personally receive a copy of the printed docket, although a copy was mailed to other members of his law firm. Even if he had received a copy of the appearance docket, the appellant's case was not docketed, and there would have been no reason to notify her that she need personally appear on February 2, 1970.

In the absence of notice from her attorney, the appellant did not personally appear on the opening day of the February term of the district court. On that day, her case was added to the docket, and on call of the docket, she not being present in person or by counsel, the district court dismissed the appeal, and remanded the case to the police court for disposition. Shortly thereafter, counsel checked with the clerk of the district court to see whether the appellant's case had been docketed, and upon discovering the appeal had been dismissed, he forthwith filed a motion to reinstate the appeal. The motion was subsequently overruled by the district court.

Of the limited number of cases on the criminal docket of the

February term, there were only two cases involving appeals from police or county courts. The appellant's case was the most recent of all cases docketed. Neither the appellant nor her attorney had any actual knowledge the appeal had been docketed, nor was her appeal set for trial with actual notice thereof to the appellant or her attorney.

As indicated in the district court's memorandum decision, the dismissal of the appeal and the subsequent refusal to reinstate it were premised upon two aspects: First, the rules of the Riley district court specifically require a criminal defendant to appear on the first day of the opening term for arraignment; and, second, that an appeal from a conviction in a police court is not perfected by the filing of an appropriate recognizance and the police judge's approval thereof (K. S. A. 15-515, but rather, the defendant must appear on the first day of the term of court next following the filing of the appeal in order to perfect the appeal, hence, dismissal of the appeal was mandatory.

The appellant strenuously argues it was error for the district court to dismiss her appeal and refuse to reinstate it for the reasons stated in its memorandum decision. The points are well taken.

Rule No. 4 of the district court of the Twenty-first Judicial District reads:

"Defendants in all criminal cases shall appear at 10:00 o'clock A. M. on the first day of the term *for arraignment.*" (Emphasis supplied.)

It stands to reason that if a defendant were not required in a criminal case to be arraigned because that criminal case was a trial *de novo* from an appeal from the police court, then Rule No. 4 would not be applicable. There is no ambiguity in the district court's rule, and it is unnecessary to belabor the issue by a protracted discussion of phrase.

Pursuant to K. S. A. 15-515, an appeal to the district court may be taken by the defendant from the police court of a city of the third class within ten days after conviction, and such an appeal is perfected upon the filing of a proper recognizance with sufficient security, when the recognizance is approved by the police judge. The statute reads:

"In all cases before the police judge, an appeal may be taken by the defendant to the district court in and for the county in which said city is situated;

*but no appeal shall be allowed unless such defendant shall,* within ten days after such conviction, *enter into recognizance with sufficient security, to be approved by the police judge, conditioned for the personal appearance of the appellant before the district court of the county on the first day of the term thereof to answer the complaint against him."* (Emphasis supplied.)

What is necessary to perfect an appeal from the police court to the district court is the execution of a recognizance with sufficient security and its approval by the police judge. The recognizance is conditioned for the personal appearance of the defendant before the district court on the "first day of the term thereof" to answer the complaint against him, and presumably, for failure to appear, the bond could be forfeited and the defendant remanded to custody. That question is not now before us, and the possibilities of a bond forfeiture are made merely as a passing comment. In short, there is nothing in the statutory language to indicate the subsequent appearance of the defendant is necessary to perfect the appeal, and that without such appearance, the jurisdiction of the district court does not attach. The statute clearly provides the recognizance is conditioned upon the appearance of the defendant at a time and place specified. The whole tenor of our decisions are in accord with this construction. (*City of Kansas City v. Hescher,* 4 Kan. App. 782, 46 Pac. 1005; *City of Kansas City v. Fagan,* 4 Kan. App. 796, 46 Pac. 1009.) See, also, *Ottawa v. Johnson,* 73 Kan. 165, 84 Pac. 749, and *Topeka v. Durein,* 78 Kan. 661, 97 Pac. 967.

It is sufficient to say, under the attending facts and circumstances, the district court erred in dismissing the appeal, and likewise erred in failing to reinstate it, based upon the same grounds it dismissed the appeal.

In deciding this case, we do not intend to limit the rule stated by this court, that courts have the inherent power to dismiss a case because of failure to prosecute with due diligence, under circumstances which warrant dismissal (*City of Wichita v. Catino,* 175 Kan. 657, 265 P. 2d 849), so as to permit courts to clear their dockets in order to save time and expense and expedite the court's business. (*City of Wichita v. Houchens,* 184 Kan. 297, 335 P. 2d 1117.) However, as stated in *Reddington v. Rank,* 176 Kan. 484, 490, 271 P. 2d 807, it is also highly important that drastic procedure in dismissing an action involving the rights of citizens be exercised with utmost care.

For reasons heretofore set forth, the judgment of the district

court dismissing the appeal and refusing to reinstate it, is reversed, and the cause is remanded to proceed to trial upon the complaint against the appellant.

It is so ordered.

KAUL, J., dissents.