No. 50,563

CITY OF OVERLAND PARK, KANSAS, *Appellant,* v. RONALD A. FRICKE, *Appellee.*

(601 P.2d 1130)

Opinion filed October 27, 1979.

*Michael D. Mance,* of Overland Park, argued the cause, and *Bradley J. Richardson,* assistant city attorney, was with him on the brief for the appellant.

*Ronald A. Fricke,* pro se, was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the city of Overland Park from the dismissal of a complaint by the district court, following an appeal to district court by the defendant after a municipal court conviction. The district court dismissed the case for denial of a speedy trial because the case was not tried within the 180-day limit prescribed by K.S.A. 1977 Supp. 22-3402. For purpose of this appeal, the facts are undisputed and are as follows: The defendant-appellee, Donald A. Fricke, was arrested on November 1, 1977, for a violation of an Overland Park city ordinance. Defendant was represented by court-appointed counsel in the municipal court. He was found guilty and received a jail sentence and a fine. He appealed to the district court on February 7, 1978, the same day he was convicted. Defendant's appeal was docketed in the district court. On February 22, 1978, the defendant appeared at a docket call and announced that he was maintaining his not guilty plea and wanted a trial. The trial date was to be determined later. On October 3, 1978, the complaint was dismissed by the district judge for failure of the city to bring the defendant to trial within the 180-day limit required by K.S.A. 1977 Supp. 22-3402. The city's motion to vacate the dismissal was

denied on October 13, 1978. The city of Overland Park then appealed to this court.

On the appeal, the city does not seek to justify the delay in bringing the defendant to trial. Suffice it to say, the defendant Fricke was caught up in the dispute between Johnson County and various cities in that county as to who was responsible to pay the fees of attorneys appointed to represent indigent defendants in district court on appeals from municipal court convictions. This dispute was recently settled in *City of Overland Park v. Estell & McDiffett,* 225 Kan. 599, 592 P.2d 909 (1979). The city's argument that the dismissal of the complaint by the district court was in error rests solely on the proposition that K.S.A. 1977 Supp. 22-3402 is inapplicable to municipal court appeals in the district court. K.S.A. 1977 Supp. 22-3402 provides in pertinent part as follows:

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

. . . .

"(4) In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the mistrial is declared or the date the mandate of the supreme court or court of appeals is filed in the district court."

In support of its position, the city concedes the defendant was charged with a crime, was held to answer on an appearance bond, and was not brought to trial within 180 days from his first appearance in district court. However, the city points out the statute refers to 180 days after defendant's *arraignment* on the charge. The city argues that it is the word *arraignment* which governs the application of the statute. The city urges that the appearance by the defendant in district court at the time the municipal appeal docket was called was not an arraignment within the meaning of the statute. It directs our attention to *City of Ogden v. Allen,* 208 Kan. 573, 493 P.2d 277 (1972), where this court held that there is no statutory requirement that a defendant must be rearraigned in district court on a municipal court complaint, since he has already been arraigned in municipal court. Hence, the city argues that the provisions of K.S.A. 1977 Supp.

22-3402 could apply only to the arraignment of the defendant in municipal court. In addition, the city contends that K.S.A. 1977 Supp. 22-3402 has no application to this case because the case involves an *appeal* and, even though the matter is tried de novo at the district court level, it is still an appeal by the defendant from the municipal court. The city then cites Kansas cases holding that a district court may dismiss a municipal court appeal for failure of the defendant to prosecute such appeal with due diligence, and reasons that the Supreme Court by these decisions is acknowledging that cases from the municipal court to the district court are really appellate cases and, therefore, it would be illogical to hold that K.S.A. 1977 Supp. 22-3402 should be applied in such cases. See *City of Wichita v. Houchens,* 184 Kan. 297, 335 P.2d 1117 (1959), and *City of Wichita v. Catino,* 175 Kan. 657, 265 P.2d 849 (1954).

The city cites an Oregon case, *State v. Dodson,* 226 Or. 458, 360 P.2d 782 (1961), which distinguishes between cases originally filed in an Oregon Circuit Court and those originally filed in courts of limited jurisdiction which are appealed to a circuit court. As to the latter cases, the Oregon Supreme Court held that where the defendant has been afforded a speedy trial and convicted in a justice court and thereafter appeals to a circuit court, the burden is upon the *defendant* to prosecute his appeal with reasonable diligence and the Oregon speedy trial statute, providing for dismissal of an indictment for failure to bring a defendant to trial within a reasonable time, does not apply to such appeals. The court reasoned that the Oregon statute clearly placed the burden in such cases upon the defendant to prosecute his appeal with reasonable diligence and he should not be discharged because of the State's inaction.

The issue must, of course, be determined from the Kansas statutes and case law. We should first consider the pertinent Kansas statutes. K.S.A. 1977 Supp. 22-3402 is a part of the comprehensive Kansas Code of Criminal Procedure. K.S.A. 22-2102 declares the scope of the application of the Code of Criminal Procedure as follows:

"**22-2102. Scope.** The provisions of this code shall govern proceedings in all criminal cases in the courts of the state of Kansas, but shall have application to proceedings in police and municipal courts only when specifically provided by law."

K.S.A. 22-3610 governs trials when a case is appealed to district court from a court of limited jurisdiction. It provides:

"22-3610.  **Hearing on appeal.**  When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court."

K.S.A. 1977 Supp. 22-3609 establishes a right to appeal to the district court from a municipal court and sets forth the procedural steps required to perfect an appeal:

"22-3609.  **Appeals from municipal courts.**  (1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. Such appeal shall be assigned by the administrative judge to a district judge or associate district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2)  An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than ten (10) days after the date of the judgment appealed from.

"(3)  The judge whose judgment is appealed from, or the clerk of such court, if there be one shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal.

"(4)  No advance payment of docket fee shall be required when the appeal is taken.

"(5)  Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant."

K.S.A. 1977 Supp. 22-3609a provides for a criminal appeal from a district magistrate judge to a district judge or associate district judge.

The procedure to be followed in all municipal courts is governed by the Code of Procedure for Municipal Courts, K.S.A. 12-4101 *et seq.* That code contains a speedy trial provision which is even more stringent than the one provided for criminal cases in the district court. K.S.A. 12-4501 states as follows:

"An accused person entering a plea of not guilty, or for whom the court entered a plea of not guilty, shall be tried on the earliest practical day set by the court, unless trial is continued for good cause: *Provided,* That an accused person in custody shall be tried on the earliest day that the municipal court convenes, unless trial is continued upon motion of the accused person and for good cause."

K.S.A. 12-4601 grants a defendant convicted in municipal court a right to appeal to the district court in all cases. It is provided that

the appeal shall stay all further proceedings upon the judgment appealed from. K.S.A. 12-4602 provides that after an appeal is taken to the district court, a hearing and judgment on appeal shall be as provided by K.S.A. 22-3610 and 22-3611.

From our analysis of the statutory provisions discussed above, it is clear that it was the intent of the legislature that the various provisions of the Kansas Code of Criminal Procedure apply to *all criminal cases* pending in the district courts. K.S.A. 22-2102 clearly expresses that intention. K.S.A. 22-3610 allows an amended complaint to be filed if the criminal complaint is defective. The defendant would, of course, be arraigned on such a complaint and the case would then proceed to trial on the new complaint. It is also important to note that the speedy trial provisions of K.S.A. 1977 Supp. 22-3402 are applicable not only to the initial trial but also to a subsequent trial in the event a mistrial or new trial is granted for any reason. Section (4) of that statute specifically provides that in the event a mistrial is declared or a conviction is reversed on appeal, the time limitations provided for in the statute shall commence to run from the date the mistrial is declared or the date the mandate of the appellate court is filed in the district court. From all of these statutes, it is clear that the legislature intended that persons charged with crime should be granted a prompt and speedy trial. There is nothing in the statutes to indicate that the legislature intended to exempt municipal court appeals from the statutory speedy trial provisions.

This conclusion is consistent with the philosophy of prior decisions of this court which guarantee a speedy trial to all persons charged with crime. In *State v. Hess,* 180 Kan. 472, 304 P.2d 474 (1956), it was held that the fact defendant had been tried once and a mistrial declared did not deprive him thereafter of his right to a speedy trial under the speedy trial statute which was in effect at that time. (G.S. 1949 62-1432.) In *Hess,* the State argued that 62-1432 required only that a defendant be given a trial within three terms after the filing of the information, and that it had no application to later proceedings in the case. This claim was held to be untenable, because, if given effect, it would reduce the constitutional guaranty of a speedy trial to a mere shadow, without force except in cases where the defendant was given no trial at all. It is stated in the opinion that there is as much injustice in

restraining a defendant indefinitely after a mistrial as there is in restraining him without any trial at all. This philosophy from the *Hess* case was incorporated into K.S.A. 1977 Supp. 22-3402(4) which is cited above.

Another Kansas case is persuasive on the issue now before us. In *State v. Brockelman,* 173 Kan. 469, 249 P.2d 692 (1952), the defendant was charged with reckless driving in a complaint filed in a justice of the peace court. Defendant pleaded guilty to the offense and was sentenced to serve 90 days in the county jail and to pay a fine of $100. Later that same day the defendant, apparently having second thoughts in the matter, employed an attorney and posted a statutory appeal bond, conditioned on his appearance in the district court at the next term to answer the complaint. The justice of peace did not certify the case immediately to the district court as he was required by statute to do, because the prosecuting attorney came to his office and told the judge not to proceed with the transcript. The judge understood the county attorney wanted him to forget the appeal. Thereafter, someone had a change of mind. The appeal was finally certified by the justice of the peace to the district court on December 29, 1951, which was one year after the appearance bond was filed and approved. The defendant's motion to dismiss the prosecution was sustained by the district court and the defendant was discharged. This court on appeal by the State held that the constitutional right to a speedy trial obtained without respect to the grade of the crime and was applicable to a reckless driving charge.

The analogy between the factual circumstances in *Brockelman* and those of the present case is obvious. In each case, the statutory right to a speedy trial was asserted in district court in an appeal from a court of limited jurisdiction. In each case the district court held the statutory speedy trial provisions applicable. The opinion in *Brockelman* declares that the speedy trial statute was intended to prevent the oppression of a citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice. The obligation is placed on the prosecution to proceed with reasonable dispatch in the trial of criminal cases. It is a direction to the prosecuting officer to act and not delay the prosecution of those charged with crime. *Brockelman* is clearly in point and, in our judgment, controls the disposition of the case now before us.

We have concluded that K.S.A. 1977 Supp. 22-3402, which provides a statutory right to a speedy trial to persons charged with crimes in the district courts of this state, is applicable to criminal cases which have been appealed to the district courts from municipal court convictions. Such cases should be dealt with in the same way as a mistrial, where a defendant is granted a new trial de novo.

We hold that in district court cases involving appeals from municipal courts, the time limitations provided in K.S.A. 1977 Supp. 22-3402 shall commence to run from the date the appeal is docketed in district court or at the expiration of the time the appeal should have been docketed under the time schedule set forth in K.S.A. 1977 Supp. 22-3609(3), whichever occurs first. This holding places a duty on the city to see that the appeal is docketed in a timely fashion. The time limitations for trial in district court should commence to run when there is, or should be, a complaint against the defendant pending in the district court.

The judgment of the district court is affirmed.

FROMME, J., not participating.