NOT DESIGNATED FOR PUBLICATION

No. 117,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SALINA,
*Appellee*,

v.

XAVIER LEE MCCRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 12, 2018.
Affirmed.

*Julie McKenna*, of McKenna Law Office, P.A., of Salina, for appellant.

*Christina Trocheck*, city prosecutor, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Xavier Lee McCray appeals his municipal convictions for criminal damage to property and domestic battery. He raises three issues on appeal. First he argues that the district court erred in denying his motion for dismissal based on alleged speedy trial violations. Second, McCray contends that the district court erred in denying his motion to arrest judgment based on a defective complaint. Finally, McCray challenges the sufficiency of the evidence supporting each of his convictions. Because we find that all three contentions lack merit, McCray's convictions are affirmed.

FACTS

Mariah Moye was in a relationship with McCray. They have two children together. On November 21, 2015, Moye was at her house with her cousin Grace Barr. McCray joined them in the evening. McCray and Barr got into a verbal argument. As a result, McCray told Moye that she should ask Barr to leave, but Moye refused to do so. McCray then said he was going to leave and started walking toward the door.

Moye testified that as McCray walked toward the door she was either in front of or next to him and "[h]e kind of pushed [her] away." She could not recall whether she fell after being pushed. At trial, Moye testified that she did not have a clear recollection of that night's events, and she only recalled the physical contact after reading a statement she gave to police on the day of the incident. Moye admitted that her written statement to the police did not contain any mention of McCray pushing her, but she recalled McCray's push after meeting with prosecutors the week before the trial. Moye did verbally tell the responding officer and her father that McCray had pushed her. Barr testified that McCray "pushed [Moye] to the ground." After McCray left, Moye locked the door.

Five or ten minutes after leaving, McCray returned and asked to be let back in to the house. Moye testified that she was walking toward the door when McCray pushed it open. Moye reported that her front door would not shut after McCray forced his way inside because the door frame broke. In his defense, McCray testified that the door was already broken making it easy for him to "budge[] it open with [his] shoulder." Upon reentering the home, McCray said he wanted to retrieve some personal items. He said that he reached his hand out to keep Moye "from getting into [his] personal space," and that she "kind of ran into [his] arm." He denied pushing her.

As McCray left the house again, the glass in the storm door broke. Moye thought McCray must have hit or kicked the door, but she did not observe him. McCray testified

2

that he pushed the storm door so hard with his hand that the glass shattered when it swung open. Moye called her father after McCray left and asked him if he could fix the door. Moye's father called the police.

In Salina Municipal Court, McCray was found guilty of domestic battery and criminal damage to property. He appealed those convictions to the district court.

While his district court case was pending, McCray filed a motion to dismiss his case for speedy trial violations. He also filed a motion for arrest from judgment, arguing that the City filed a defective complaint because it used the word "willfully" instead of the word "intentionally" which appeared in the city criminal damage to property ordinance. The district court denied both motions and allowed the City to amend the complaint to align with the language of the code.

A jury found McCray guilty of domestic battery and criminal damage to property. The district court sentenced McCray to 12 months in the Saline County Jail for the domestic battery conviction, suspended after he served 5 days. The district court imposed a concurrent suspended sentence of 30 days in the Saline County Jail for the criminal damage to property conviction. McCray has timely appealed these convictions.

ANALYSIS

*Speedy Trial*

McCray first argues that the district court erred in denying his motion to dismiss based on a violation of his statutory right to a speedy trial.

An appellate court "exercises unlimited review over a district court's legal rulings regarding violations of a defendant's statutory right to a speedy trial." *State v. Vaughn*,

288 Kan. 140, 143, 200 P.3d 446 (2009). "The primary issue in such appeals—the computation of days to be assessed against the so-called speedy trial clock—requires some level of statutory interpretation and thus is reviewed de novo." 288 Kan. at 143.

K.S.A. 2017 Supp. 22-3402(b) provides that any person charged with a crime and held to answer on an appearance bond must be brought to trial within 180 days after arraignment on the charge, unless the defendant causes a delay or a continuance is granted for one of several limited reasons listed in the statute. If the 180-day limit is not met, the person is discharged from further liability for the charged crime. K.S.A. 2017 Supp. 22-3402(b). If the defendant is held in jail solely by reason of the charge, the time limit is lowered to 150 days. K.S.A. 2017 Supp. 22-3402(a). In cases involving appeals from municipal courts, the time begins to run on the date the appeal is docketed in the district court. *City of Overland Park v. Fricke*, 226 Kan. 496, 502, 601 P.2d 1130 (1979).

When a defendant appeals from a municipal court conviction, he or she can file the notice of appeal with the municipal court clerk or directly with the district court. K.S.A. 2017 Supp. 22-3609(b). If filed with the municipal court clerk, the clerk must forward the notice of appeal to the district court. K.S.A. 2017 Supp. 22-3609(b).

McCray's notice of appeal stated that he filed it with the Clerk of the Salina Municipal Court on August 9, 2016. However, the file stamp from Salina Municipal Court on the notice of appeal showed it was filed on August 10, 2016. The stamp from the Saline County District Court stated it was filed there on August 12, 2016. The parties agree that 178 days attributable to the City passed between August 12 and the trial. The City argues that August 12 was the start date for the speedy trial calculation. But McCray argues that the start date is August 9, 2016, which would mean that 181 days had elapsed before trial in district court and therefore his speedy trial rights were violated.

4

Notably, McCray's argument on appeal is different from that in front of the district court. In his motion to dismiss for speedy trial violations, his argument was premised on the right to a speedy trial within 150 days as established by K.S.A. 2017 Supp. 22-3402(a). This statute applies only when a person is "charged with a crime and held in jail solely by reason thereof." K.S.A. 2017 Supp. 22-3402(a). The parties argued the motion before a bench trial and agreed that McCray was never in custody solely on this case.

Although he did not argue it in his motion, the parties also addressed whether the 180-day limit had been reached. Before the district court, McCray's attorney agreed that August 12 was the date at which the time should begin to be assessed against the City. Thus, the 180-day limit had *not* been exceeded. Defense counsel never raised the argument that August 9 was the true start date. Generally, this court does not consider issues raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

But even if we were to consider the issue, McCray's argument still would fail. He cites no authority in support of his argument that the speedy trial clock begins to run when a defendant files a notice of appeal with a municipal court clerk. The caselaw is clear that the clock begins to run when the appeal is actually docketed in the district court. *Fricke*, 226 Kan. at 502. Filing an appeal is not the same thing as docketing it. See Supreme Court Rule 2.04 (2018 Kan. S. Ct. R. 15) (listing things that appellant must do in addition to filing notice of appeal before case can be docketed in appeal from district court). The district court docketed the appeal on August 12, 2016. Since the parties have agreed that trial occurred 178 days after docketing, the district court did not err in denying McCray's motion to dismiss for speedy trial violations.

*Motion to Arrest Judgment*

In his second issue on appeal, McCray argues that the district court erred in denying his motion to arrest judgment based on a defective complaint. He also argues that the district court abused its discretion in allowing the City to amend the complaint.

We exercise de novo review on issues pertaining to the sufficiency of charging documents. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). Whether the district court erred in allowing the City to amend the complaint is reviewed for abuse of discretion. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

A district court can arrest judgment "if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged." K.S.A. 2017 Supp. 22-3502. As noted above, McCray moved for arrest of judgment because the complaint used the word willfully instead of intentionally, which appears in the applicable code section. See Salina City Code § 25-96 (2015). The district court denied the motion, agreeing with the City that the terms willfully and intentionally were effectively synonymous. The court then allowed the City to amend the complaint to mirror the city code language.

McCray now argues that allowing the City to amend the complaint showed that it was defective, and thus his motion to arrest judgment should have been granted. He cites K.S.A. 22-3610(a) which provides:

> "When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, unless the complaint shall be found defective, in

which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court."

McCray argues that it was contradictory for the district court to deny his motion for arrest of judgment on the basis that it accurately stated the charge, and then find that the complaint was defective and allow the City to amend it.

McCray's argument is not persuasive. Just because a complaint is defective does not mean it fails to charge a crime or establish jurisdiction, which is what is required to arrest judgment. K.S.A. 2017 Supp. 22-3502. Here, the defect in the complaint was that it did not use the exact language of the Salina City Code. But the complaint still charged a crime because the word willfully is synonymous with intentionally. On appeal, McCray does not challenge the finding that the terms are synonymous. He relies only on his argument that the precise code language was not alleged in the original city complaint. We disagree and find no abuse of discretion in the district court ruling allowing the original complaint to be amended.

McCray also makes a brief argument that the amended complaint was not filed until after the verdict had been received and did not comply with K.S.A. 22-3610. He does not expand upon this argument, so it is unclear why he thinks it is not in compliance with K.S.A. 22-3610. Where a motion to amend is made during trial, the prosecution is not required to delay the trial to file the proper paperwork reflecting the amendment. Rather, the amendment is effective immediately unless it would prejudice the defendant. *State v. Nunn*, 244 Kan. 207, 224, 768 P.2d 268 (1989). McCray does not argue that he was prejudiced in any way by this delay, and we can conceive of no reason why such prejudice would have occurred.

7

The district court's decisions denying McCray's motion to arrest judgment and allowing the City to amend the complaint were not error.

*Adequacy of the Evidence*

Finally, McCray argues that there was insufficient evidence to support his convictions for domestic battery and criminal damage to property.

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the State (the City in this case). A conviction will be upheld if the court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In determining whether there is sufficient evidence to support a conviction, we do not reweigh the evidence or reassess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

In order to sustain the charge of domestic battery, the City had to prove that McCray intentionally caused physical contact with Moye in a rude, insulting, or angry manner. See Salina City Code § 25-51.1(a) (2015). McCray does not dispute the domestic nature of the charge, but argues that the evidence for this offense was insufficient. McCray specifically notes that Moye could not recall how the alleged physical contact occurred and that her written statement to the police did not mention any physical contact. He attacks Barr's testimony as biased, and he also notes the inconsistencies in the testimony regarding where Moye was standing when the alleged push happened and whether she fell to the ground.

Inconsistencies in evidence are for the jury to resolve. *State v. Cates*, 223 Kan. 724, 731, 576 P.2d 657 (1978). While Moye did not have the best recollection of the physical contact, she did testify that it happened. And, while it was not in her written

8

statement to police, she did tell both the responding officer and her father that McCray pushed her. The jury also had clear testimony from Barr that physical contact occurred. This evidence is sufficient to support McCray's conviction for domestic battery.

To prove the charge of criminal damage to property, the City had to show that McCray intentionally damaged property by means other than fire or explosive. See Salina City Code § 25-96(1) (2015). The damaged property was listed as "an exterior door and/or door frame." McCray argues that the City failed to prove that he intended to damage the door frame or break the glass in the exterior door.

The City can prove specific intent with circumstantial evidence. In fact, the Kansas Supreme Court has "intimated that circumstantial evidence of intent is almost to be expected." *State v. Thach*, 305 Kan. 72, 82, 378 P.3d 522 (2016); see also *State v. Richardson*, 289 Kan. 118, 128, 209 P.3d 696 [2009]) ("Prosecutors are routinely called upon to prove a defendant's specific intent in committing a prohibited act and normally must carry that burden with circumstantial evidence."). McCray admitted to using his shoulder to force open the locked interior door. And, he admitted to pushing the storm door open with significant force. A jury could reasonably infer intent to damage property where a person forces open a locked door or pushes a door with excessive force.

The evidence, when viewed in the light most favorable to the City, supports both of McCray's convictions.

Affirmed.